UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIEL ALLEN LE CLERC,

     Plaintiff,

v.                              Case No. 3:24-cv-24-HES-JBT

OFFICER B.J. KUIPER,

     Defendant.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, a pretrial detainee at the Duval County Jail, initiated this case by filing a Civil Rights Complaint. Doc. 1. He did not pay the filing fee, so the Court assumes he seeks to proceed *in forma pauperis*. Plaintiff names one Defendant – Officer B.J. Kuiper. *Id.* According to Plaintiff, Defendant Kuiper made three unlawful arrests of Plaintiff – occurring on (1) August 2, 2019; (2) August 15, 2019; and (3) November 6, 2019 – which violated his rights under the Fourth Amendment. According to Plaintiff, Defendant made the first arrest without a warrant and the second and third arrests without probable cause.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§

1915(e)(2)(B), 1915A.[1] As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quotations, alteration, and citation omitted). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). And the Eleventh Circuit "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986).

---

[1] Plaintiff did not pay the filing fee or submit a request to proceed as a pauper. Regardless, the Court finds his claims are due to be dismissed.

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. *Freeman v. Sec'y, Dept. of Corr.*, 679 F. App'x 982, 982 (11th Cir. 2017) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).[2]

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678. The Fourth Amendment provides, in relevant part, that people have the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a [§] 1983 claim." *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996). But "the existence of probable cause at the time of arrest is an absolute bar to a § 1983 claim challenging the constitutionality of the arrest." *Watkins v. Johnson*, 853 F. App'x 455, 460 (11th

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Cir. 2021) (quoting *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010)); *see also Hesed-El v. McCord*, 829 F. App'x 469, 472 (11th Cir. 2020) ("[A] federal . . . claim for false arrest requires the plaintiff to show the absence of probable cause at the time of the arrest.").

**First Arrest – *State v. Le Clerc*, No. 2019-CF-8114 (Fla. 4th Cir. Ct.).[3]**

Plaintiff alleges on August 2, 2019, Defendant Kuiper arrested Plaintiff at his residence pursuant to an arrest warrant. Doc. 1 at 1. According to Plaintiff, this arrest violated his Fourth Amendment rights because prior to the execution of the arrest warrant, Defendant failed to conduct a proper investigation. *Id.* at 2. A review of his state court docket shows that following his arrest, the state filed an Information charging Plaintiff with two counts of sexual battery, lewd or lascivious exhibition, and showing obscene materials to a minor. *Le Clerc*, No. 2019-CF-8114. As of the date of this Order, those charges are still pending. *Id.*

Plaintiff alleges that he is raising a claim of "illegal arrest." Doc. 1 at 3. "Under Eleventh Circuit precedent, [however,] the issuance of a warrant constitutes legal process, and so a plaintiff who claims false arrest pursuant to

---

[3] The Court takes judicial notice of Plaintiff's state court dockets. *See McDowell Bey v. Vega*, 588 F. App'x 923, 927 (11th Cir. 2014) (holding that district court did not err in taking judicial notice of the plaintiff's state court docket when dismissing § 1983 action); *see also Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the court could take judicial notice.").

a warrant is making a claim of malicious prosecution rather than false arrest."
*Giles v. Manser*, 757 F. App'x 891, 895 (11th Cir. 2018). Thus, because Plaintiff
was arrested pursuant to a warrant, his claim is one of malicious prosecution.

To establish a § 1983 malicious prosecution claim, Plaintiff must prove
the elements of the common law tort of malicious prosecution and a violation
of his Fourth Amendment right to be free from unreasonable seizures. *Grider*
*v. City of Auburn*, 618 F.3d 1240, 1256 (11th Cir. 2010). The elements of
malicious prosecution are: "(1) a criminal prosecution instituted or continued
by the present defendant; (2) with malice and without probable cause; (3) that
terminated in the plaintiff accused's favor; and (4) caused damage to the
plaintiff accused." *Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003); *see also*
*Williams v. Aguirre*, 965 F.3d 1147, 1165 (11th Cir. 2020). Here, Plaintiff fails
to state a claim for malicious prosecution because he fails to allege that this
state criminal prosecution terminated in his favor.

**Second Arrest – *State v. Le Clerc*, No. 2019-CF-8636 (Fla. 4th Cir. Ct.).**

Plaintiff alleges that on August 15, 2019, Defendant arrested Plaintiff a
second time without a warrant or probable cause, violating his Fourth
Amendment rights. Doc. 1 at 1-2. According to Plaintiff, Defendant arrested
Plaintiff without investigating and instead made the arrest "based on personal
feelings." *Id.* Plaintiff's state court docket shows that following this arrest, the
trial court made a finding of probable cause to detain Plaintiff and the state

filed an Information charging him with sexual battery and lewd or lascivious molestation. *Le Clerc*, No. 2019-CF-8636. As of the date of this Order, that state prosecution is still pending.

Here, Plaintiff fails to allege a plausible false arrest claim because he does not allege facts permitting a reasonable inference that Defendant lacked probable cause to arrest him on August 15, 2019. Instead, Plaintiff merely uses conclusory buzzwords, saying Defendant "made the arrest based on personal feelings, not probable cause." Doc. 1 at 2. Such conclusory, vague allegations are insufficient to state a claim under § 1983. *See L.S.T. v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995); *see also Hesed-El v. McCord*, 829 F. App'x 469, 472 (11th Cir. 2020) (affirming dismissal of a false arrest claim because the plaintiff's "conclusory assertion that [the officer] acted without probable cause [was] devoid of any facts giving rise to a 'plausible suggestion' of . . . false arrest"); *Wright v. Dodd*, 438 F. App'x 805, 806 (11th Cir. 2011) (affirming <u>sua</u> <u>sponte</u> dismissal of the plaintiff's § 1983 complaint because the plaintiff alleged only "in conclusory fashion that the police arrested [him] without a warrant," and he did not "allege any facts showing that the police lacked probable cause to arrest him"). Thus, the Court finds Plaintiff fails to state a plausible false arrest claim.

**Third Arrest –** *State v. Le Clerc***, No. 2019-CF-11582 (Fla. 4th Cir. Ct.).**

Plaintiff alleges that on November 6, 2019, Defendant arrested Plaintiff a third time without probable cause. Doc. 1 at 1-2. According to Plaintiff, in support of the false arrest, Defendant issued a report stating that during a Child Protection Team interview, "the victim disclosed the suspect touched her vagina over her bathing suit." *Id.* at 2-3. Defendant explained, "based on that information [he] arrested the suspect." *Id.* at 3. According to Plaintiff, Defendant did not have sufficient probable cause to conduct the arrest. *Id.*

A review of Plaintiff's state court docket shows that soon after his arrest, the trial court issued a finding of probable cause to detain Plaintiff and the state filed an Information charging him with lewd or lascivious molestation. *Le Clerc*, No. 2019-CF-11582. Again, Plaintiff fails to allege a plausible false arrest claim because he does not allege facts permitting a reasonable inference that Defendant lacked probable cause to arrest him on November 6, 2019. Instead, Plaintiff uses conclusory buzzwords, saying Defendant "arrested [ ] plaintiff without probable cause, [and] he has once again made an arrest based on personal feelings." Doc. 1 at 3. Such conclusory, vague allegations are insufficient to state a claim under § 1983. *See L.S.T.*, 49 F.3d at 684; *see also Hesed-El*, 829 F. App'x at 472; *Wright*, 438 F. App'x at 806. Thus, the Court finds Plaintiff fails to state a plausible false arrest claim.

Because Plaintiff fails to state a claim upon which relief may be granted as to any of the three arrests, this case is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1.   This case is **DISMISSED without prejudice**.

2.   The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this _9th_ day of _April_, 2024.

_____
UNITED STATES DISTRICT JUDGE

Jax-7

C:   Daniel Le Clerc, #2019021114

8